

# NUMBER 13-26-00498-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CHRISTOPHER VICKERS

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron
Memorandum Opinion by Justice Cron[1]**

Relator Christopher Vickers filed a petition for writ of mandamus asserting that the trial court abused its discretion by staying the final jury trial in a suit to modify the parent-child relationship pending our resolution of appeals that relator has filed in in our appellate cause numbers 13-26-00222-CV and 13-26-00223-CV.

"Mandamus is an 'extraordinary remedy' that is 'available only in limited

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

circumstances' . . . to 'correct clear errors in exceptional cases.'" *In re Rogers*, 728 S.W.3d 717, 719 (Tex. 2026) (orig. proceeding) (per curiam) (first quoting *City of Houston v. Hou. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 580 (Tex. 2018); and then quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding)). To obtain a writ of mandamus, the relator must show that the trial court clearly abused its discretion and the relator lacks an adequate remedy by appeal. *In re Lapuerta*, 732 S.W.3d 548, 555 (Tex. 2026) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the failure of the real party in interest Lena Cherie Chaisson-Munoz to file a response despite our order to do so, and our disposition of the related appeals by separate memorandum opinion issued this same date, is of the opinion that this original proceeding has been rendered moot. *See In re Cont. Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (orig. proceeding) (per curiam); *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). Accordingly, we dismiss the petition for writ of mandamus as moot. Relator's emergency motion for reinstatement of the jury trial is likewise dismissed as moot.

JENNY CRON
Justice

Delivered and filed on the
24th day of July, 2026.

2